UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARVEY R. JOHNSON,

    Petitioner,

v.                                                     CASE NO. 6:05-cv-198-Orl-31KRS
                                                          (6:02-cr-88-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Harvey R. Johnson. The Government filed a timely response to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. No. 5). Petitioner then filed a reply (Doc. No. 13).

Petitioner alleges two claims for relief in his motion: first, that he received ineffective assistance of counsel; and second, that, in light of *Blakey v. Washington*, 124 S. Ct. 2531 (2004), the enhancement applied at sentencing denied him his "Sixth Amendment right to trial by jury."

*Procedural History*

Petitioner and four other individuals were charged in a three-count indictment with the commission of various bank robbery-related crimes (Criminal Case No. 6:02-cr-88-Orl-31KRS,

Doc. No. 1, filed August 7, 2002)[1]. Petitioner was charged in all three counts, and he pled guilty to the charges in the absence of a plea agreement.

United States Magistrate Judge Karla R. Spaulding held a hearing on the pleas and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 256, filed April 22, 2003). Magistrate Judge Spaulding recommended that the pleas of guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Court subsequently entered an Order in which 1) the pleas were accepted, and 2) Petitioner was adjudged guilty of counts one two, and three of the indictment (Criminal Case No. 260, filed May 12, 2003). On August 15, 2003, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a total term of 270 months (Criminal Case Doc. No. 291). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion. *See* Criminal Case Doc. No. 351, filed July 23, 2004.

*Claim One*

Petitioner argues that he received ineffective assistance of counsel because of the following: 1) trial counsel failed to investigate the facts of the case; 2) trial counsel failed to ensure Petitioner's presence when the Court accepted his guilty pleas; 3) sentencing counsel failed to discuss the presentence investigation report (the "PSI") with him prior to sentencing; 4) sentencing counsel failed to object to the sentence Petitioner received with regard to count three; and 5) sentencing counsel failed to argue that Petitioner was entitled to a diminished capacity downward departure.

    1.    *Legal Standard*

---

[1] Hereinafter Criminal Case No. 6:02-cr-88-Orl-31KRS will be referred to as "Criminal Case."

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.[2]

  *2.*  *Issue One*

Petitioner argues that trial counsel failed to investigate the facts of the case. In particular, he mentions that trial counsel should have requested the transcript of the trial of his co-defendant, Abbey Latasha Graham, and that, if he had done so, he "would have had a better understanding of the case he had to overcome if Petitioner had elected to go to trial, or he would have been in a better position to bargain if Petitioner elected, as he did, to plead guilty."

Assuming, without deciding, that Petitioner's counsel failed to review the transcripts, Petitioner's allegations are speculative, at best. Petitioner must provide evidence, not mere conclusory allegations, that counsel overlooked exculpatory information that an investigation would

---

[2]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

have revealed. *Barkauskas v. Lane,* 946 F.2d 1292, 1295 (7th Cir. 1991); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation). Petitioner fails to show that the transcripts of Ms. Graham's trial would have revealed any information which would have been beneficial in this case. The Court finds that Petitioner has not shown deficient performance on the part of counsel or that he sustained prejudice.

    *3.    Issue Two*

Petitioner contends that trial counsel did not ensure his presence when the undersigned accepted his guilty pleas.

This issue is nonsensical. The plea hearing was conducted by United States Magistrate Judge Karla R. Spaulding, and Petitioner attended that proceeding. Magistrate Judge Spaulding then entered a Report and Recommendation Concerning Guilty Plea (Criminal Case Doc. No. 256), and no objections were filed. Consequently, in the absence of a hearing, the undersigned entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. No. 260). Clearly, Petitioner's counsel acted reasonably with regard to this matter, and Petitioner has not demonstrated prejudice.

    *4.    Issue Three*

Petitioner avers that sentencing counsel failed to discuss the "PSI" with him prior to sentencing. Petitioner mentions that he would have urged counsel to object to the one-level increase for the monetary loss associated with the bank robbery since the money had been recovered.

At the beginning of the sentencing hearing, Petitioner's counsel advised the Court that, although he had reviewed the PSI himself and had discussed it with Petitioner's mother on several

4

occasions, he did not discuss it with Petitioner prior to the hearing. (Transcript of Sentencing at 4-5.) The Court then recessed the sentencing for approximately one hour and forty-five minutes to afford counsel the opportunity to discuss the PSI with Petitioner. *Id.* at 15. When the sentencing reconvened, Petitioner's counsel informed the Court that he "went through the entire report with my client for quite a long period of time . . . ." *Id.* at 16. Hence, Petitioner and his counsel did have the opportunity to discuss the PSI prior to sentencing.

Further, the Court finds that the sentencing issue suggested by Petitioner is without merit. The Eleventh Circuit Court of Appeals has determined that "[t]he Sentencing Guidelines recognize that attempted or intended loss is a valid measure of culpability." *United States v. Calhoon*, 97 F.3d 518, 531 (11th Cir. 1996), *cert. denied*, 522 U.S. 806 (1997). Thus, the fact that the money was recovered was of no consequence, and Petitioner's argument would have been meritless. Under the circumstances, the Court finds that Petitioner has failed to demonstrate deficient performance on the part of counsel or prejudice with regard to this matter.

    *5.*    *Issue Four*

According to Petitioner, sentencing counsel failed to object to the sentence he received with regard to court three. In particular, he argues that the Court should not have imposed a ten-year minimum mandatory sentence as to the firearm count because there was no allegation that Petitioner had discharged the firearm.

This issue is without merit. At the plea hearing, the Government set forth the factual basis for the plea and indicated in pertinent part as follows: "During the ensuing chase, Harvey Johnson fired a gun at a vehicle driven by Brevard County Deputy Sheriff John McDilda." (Transcript of Plea Hearing at 36.) Petitioner raised no objection to the Government's recitation of the facts.

In addition, the PSI provided that "[d]uring the chase, Harvey Johnson fired his gun at a police vehicle driven by the off-duty deputy." PSI at 2. Petitioner did not object to this matter.

Based on Petitioner's admitted offense conduct, the Court correctly determined that the "discharge" sentencing factor and corresponding ten-year mandatory minium sentence applied to Petitioner's firearm conviction. *See United States v. Pounds*, 230 F.3d 1317 (11th Cir. 2000) (holding that the discharge of a weapon during a crime of violence is a sentencing factor rather than an element of the offense, and, thus, the fact of the discharge does not require a jury determination and is not required to be included in the indictment to which a plea is made), *cert. denied*, 532 U.S. 984 (2001). Hence, counsel's conduct was reasonable with regard to this matter, and Petitioner has not demonstrated prejudice.

   *6.   Issue Five*

Petitioner maintains that sentencing counsel should have urged the Court to grant him a diminished capacity downward departure.

This issue must be denied. Because armed bank robbery was not a "non-violent offense," Petitioner was not entitled to a downward departure from the Sentencing Guidelines based on reduced mental capacity. *See United States v. Brixton*, 19 F.3d 1385, 1386 (11th Cir.), *cert. denied*, 513 U.S. 935 (1994). Consequently, there has been no showing that counsel acted unreasonable or that Petitioner sustained prejudice.

*Claim Two*

Petitioner argues that, in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the enhancements applied at sentencing denied him his "Sixth Amendment right to trial by jury."

In *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005),

the Eleventh Circuit Court of Appeals held that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Id.* at 868. Hence, this claim cannot be considered in a section 2255 motion.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed February 7, 2005) filed by Harvey R. Johnson is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:02-cr-88-Orl-31KRS.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 353, filed February 7, 2005) pending in case number 6:02-cr-88-Orl-31KRS.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 10th day of November, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 11/10
Harvey R. Johnson
Counsel of Record