UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARVEY R. JOHNSON,

    Petitioner,

v.                                            CASE NO. 6:05-cv-198-Orl-31KRS
                                                (6:02-cr-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on the following motions:

**MOTION**:    Petitioner's Motion Pursuant to Rule 60(b)(6), and/or In the Alternative Motion for Reconsideration (Doc. No. 24, filed May 29, 2007), and

                  Petitioner's Motion to Recuse (Doc. No. 23, filed May 29, 2007).

After Petitioner's plea of guilty, on August 15, 2003, this Court entered a Judgment in a Criminal Case, sentencing Petitioner to imprisonment for a total term of 270 months. (Criminal Case No. 6:02-cr-88-Orl-31KRS, Doc. No. 291). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed the Judgment on July 23, 2004. (*Id.* at Doc. No. 351).

On February 7, 2005, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Petitioner's motion was denied and

judgment was entered in favor of Respondent on November 10, 2005. (Doc. Nos. 14 & 15). Petitioner appealed, and the Eleventh Circuit denied Petitioner's motion for a certificate of appealability. On April 20, 2006, the Eleventh Circuit denied Petitioner's motion for reconsideration, and the United States Supreme Court denied certiorari on October 17, 2006. (Doc. No. 22).

In his recent motions, Petitioner simply reiterates arguments previously made and rejected by this Court and by the Eleventh Circuit.[1] Accordingly, Petitioner's Rule 60(b)(6) Motion should be denied as a second or successive section 2255 motion.[2] Furthermore, Petitioner is entitled to no relief because his Rule 60(b)(6) Motion is untimely, and he has not established that reconsideration or recusal is warranted.

Accordingly, it is **ORDERED** that:

1. Petitioner's Motion to Recuse (Doc. No. 23, filed May 29, 2007) is **DENIED**; and

2. Petitioner's Motion Pursuant to Rule 60(b)(6), and/or In the Alternative Motion for Reconsideration (Doc. No. 24, filed May 29, 2007) is **DENIED** without prejudice to the

---

[1] To the extent that Petitioner has raised different issues, he still is attempting to assert claims of error in his federal conviction.

[2] In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the United States Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id*. at 2651. The Eleventh Circuit Court of Appeals has determined that *Gonzalez'* "holding and rationale apply equally to § 2255 . . . ." *See United States v. Terrell*, 141 Fed. App'x. 849, 851 (11th Cir. 2005).

right of Petitioner to move in the Eleventh Circuit Court of Appeals

for an order authorizing this Court to consider the motion.[3]

**DONE AND ORDERED** at Orlando, Florida this 8th day of June, 2007.

                                            GREGORY A. PRESNELL
                                        UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/8
Harvey R. Johnson
Counsel of Record

---

[3]Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. section 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.