UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARVEY R. JOHNSON,

    Petitioner,

v().                                              CASE NO. 6:05-cv-198-Orl-31KRS
                                                         (6:02-cr-88-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

**<u>ORDER</u>**

This case is before the Court upon consideration of Petitioner's Motion to Set Aside Judgment as Void Pursuant to Rule 60(b)(4) (Doc. No. 81). Petitioner is asking the Court to reconsider the merits of his claim that the sentencing enhancements applied to him violate *Blakely v. Washington*, 524 U.S. 296 (2004).

Federal Rule of Civil Procedure 60(b)(4) allows the Court to relieve a party from a final judgment if the "judgment is void." A motion under Rule 60(b)(4) must be made "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). It appears that the Rule 60(b) motion is a second or successive section 2255 motion, and Petitioner would be required to move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. In *Gonzalez v. Crosby*, 545 U.S. 531-32 (2005), the United States Supreme Court held that Rule 60(b) motions are subject to the restrictions on "second and successive" petitions under 28 U.S.C. § 2244(b) if the motion seeks to (1) raise a new ground for relief, or (2) attack a federal court's previous resolution of a claim on the merits, which

itself is "effectively indistinguishable" from a direct claim that a petitioner is entitled to substantive habeas relief. *Id.* at 531-32. Where the motion attacks "some defect in the integrity of the federal habeas proceedings," however, the motion is not a successive habeas petition. Although the Supreme Court noted that its decision was limited to cases under § 2254, the Eleventh Circuit has equally applied its holding and rationale to § 2255 motions. *See United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005).

Petitioner has not indicated whether he has filed a motion seeking permission to file a second or successive § 2255 motion with the Eleventh Circuit Court of Appeals. Instead, Petitioner argues that the judgment should be set aside because it is void. The Court finds that Petitioner's allegations that there was a defect in the integrity of the federal habeas proceeding is merely an impermissible attempt to get around the United States Supreme Court's prohibition on filing second or successive habeas petitions. *See Gonzalez*, 545 U.S. at 531-32. Furthermore, because Petitioner has failed to demonstrate that he received permission from the Eleventh Circuit to file his second or successive § 2255 motion, the Court finds that this motion is subject to dismissal.

Additionally, even if the instant motion were properly construed under Rule 60(b)(4), the Court finds that Petitioner is not entitled to relief. Petitioner has filed a second or successive § 2255 motion in this case (Doc. No. 48) that was denied on February 6, 2009 (Doc. No. 49). Petitioner also filed four other motions for reconsideration (Doc. Nos. 24, 54, 61, & 66) that were denied (Doc. Nos. 25, 55, 62, & 68). The instant motion was not made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). Moreover, the motion merely

reiterates arguments previously made and rejected by this Court.  Accordingly, it is

**ORDERED** that Petitioner's motion (Doc. No. 81) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 6th day of April, 2011.

Copies to:
OrlP-3 4/6
Harvey R. Johnson
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE