UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARVEY R. JOHNSON,

    Petitioner,

v.                                           CASE NO. 6:05-cv-198-Orl-31KRS
                                              (6:02-cr-88-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court upon consideration of Petitioner's "Motion Pursuant to Fed. R. Cv. P. 60(b)(6) and Declaration in Support" (Doc. No. 93). Petitioner asks the Court to reopen his section 2255 motion, provide him the transcripts from his co-defendant's trial, and reconsider its ruling on claim one of his motion to vacate sentence. *Id.*

Petitioner essentially attacks the Court's prior resolution of his claim that trial counsel failed to investigate the facts of his case and obtain the transcripts from his co-defendant's trial. The Court concludes that the instant motion is merely an impermissible attempt to get around the Supreme Court's prohibition on filing second or successive habeas petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (holding Rule 60(b) motions are subject to the restrictions on "second and successive" petitions under 28 U.S.C. § 2244(b) if the motion seeks to (1) raise a new ground for relief, or (2) attack a federal court's previous resolution of a claim on the merits, which itself if "effectively

indistinguishable" from a direct claim that a petitioner is entitled to substantive habeas relief); *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005) (applying the holding and rationale of *Gonzalez* to § 2255 motions).  Petitioner has failed to demonstrate that he received permission from the Eleventh Circuit Court of Appeals to file his second or successive § 2255 motion.  Accordingly, it is **ORDERED** that Petitioner's motion (Doc. No. 93) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 28th day of January, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/28
Harvey R. Johnson
Counsel of Record

2